**ELECTRONICALLY FILED**
**9/19/2025 3:54 PM**

San Luis Obispo Superior Court

By: _Matthew Zepeda Money_

Matthew Zepeda Money , Deputy Cl

Victor A. Bullock (SBN 174417)
WADE LITIGATION
A Professional Corporation
262 East Main Street
Los Gatos, CA 95030
Telephone: 408-842-2688
Facsimile: 408-549-1612
vbullock@wadelitigation.com

Attorneys for Plaintiff
MORGAN NORDAHL

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN LUIS OBISPO

| | |
|---|---|
| MORGAN NORDAHL, an individual, <br><br> Plaintiff, <br><br> v. <br><br> HILARY L. CARPENTER, RONALD BRAD CARPENTER, as individuals and as Trustees of the Ronald Brad Carpenter and Hilary L. Carpenter Trust dated July 23, 2018, and DOES 1-10. <br><br> Defendants | Case No.    25CV-0600 <br><br> PLAINTIFF'S COMPLAINT FOR: <br><br> 1. BREACH OF CONTRACT <br> 2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING <br> 3. PROMISSORY FRAUD <br> 4. CIVIL THEFT <br> 5. UNJUST ENRICHMENT <br> 6. INTENTIONAL INTERFERENCE WITH EXPECTED INHERITANCE <br> 7. FOR CONSTRUCTIVE TRUST <br> 8. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS <br> 9. ACCOUNTING <br><br> JURY TRIAL DEMANDED |

Plaintiff MORGAN NORDAHL (hereinafter "Plaintiff"), alleges the following upon information and belief:

## GENERAL ALLEGATIONS

1.    Plaintiff is and at the time of the facts alleged herein, is and at all material times mentioned herein was, a resident of the State of California.

///

2.      Defendant HILARY L. CARPENTER ("HILARY") is and at the time of the facts alleged herein, is and at all material times mentioned herein was, resided in both the States of California and Arizona and/or at all relevant times, transacted business in California.

3.      Defendant RONALD BRAD CARPENTER ("RONALD") is and at the time of the facts alleged herein, is and at all material times mentioned herein resided in both the States of California and Arizona and/or at all relevant times, transacted business in California

4.      The "Ronald Brad Carpenter and Hilary L. Carpenter Trust," dated July 23, 2018, is and at the time of the facts alleged herein, is and at all material times mentioned herein was, a revocable living trust administered in the State of California in which HILARY L. CARPENTER and RONALD BRAD CARPENTER are the settlor-trustees.

5.      Plaintiff is informed and believes and thereon alleges that all times herein mentioned, Defendants and each of them hereinabove were the agents, servants, employees, partners, aiders and abettors, co-conspirators, and/or joint venturers of each of the other Defendants named herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, enterprise, conspiracy, and/or joint venture, and each Defendant has ratified and approved the acts of each of the remaining Defendants. Each of the Defendants aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff, as alleged herein. In taking action to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoings complained of, as alleged herein, each of the Defendants acted with an awareness of his/her primary wrongdoing and realized that his/her conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing Plaintiff is unaware of the true names and capacities of defendants DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such fictitiously named defendants when the same have been ascertained or upon proof at trial. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named defendants is legally responsible for the events and damages alleged herein.

6.      Defendants HILARY and RONALD, as individuals and as Trustees of the Ronald Brad Carpenter and Hilary L. Carpenter Trust dated July 23, 2018, and DOES 1 — 10, inclusive, will be referred to collectively as "DEFENDANTS."

**JURISDICTION AND VENUE**

7.    Venue is proper in the Superior Court of the State of California for the County of San Luis Obispo under California Code of Civil Procedure Section 395 because 1) San Luis Obispo is the county where the contract at issue was entered into and to be performed; 2) the location of the Subject Property in question.

**OPERATIVE FACTS**

8.    Virginia Nordahl and Leon Nordahl owned real property located at 2280 Fresno Street Los Osos, CA 93402 (hereinafter "Subject Property") as joint tenants.

9.    On April 13, 2006, they took a $50,000 home equity loan line of credit through Washington Mutual.

10.    Leon Nordahl passed away on December 30, 2014. At the time of his passing, the property was occupied by Virginia Nordahl and their son, Leon Nordahl II (hereinafter "Lee").

11.    After Leon passed away, Virginia and Lee encountered some difficulty in paying their bills. At that time, Defendant HILARY (Plaintiff's sister) approached Virgina, Lee and plaintiff to discuss a way to handle Virginia's and Lee's outstanding debt.

12.    In or about 2016 HILARY proposed an agreement with Virginia and Lee.  She proposed to pay off all of Virginia and Lee's indebtedness and in exchange, the title to the Property would be transferred to HILARY and Plaintiff, jointly, but Virginia and Lee would have the right to occupy the Subject Property until they both died.  The parties understood that arrangement would mean that Plaintiff and HILARY would remain entitled to the Subject Property as co-owners as part of their inheritance.

13.    In or about 2016, Plaintiff and HILARY entered into their own agreement regarding ownership of the Subject Property (the "Agreement").  In exchange for Plaintiff's assistance with Virginia and Lee, Plaintiff would become a co-owner of the Subject Property.  At the time, Plaintiff did not want to be a record title owner of the Subject Property in his name, but did agree to the general terms of the Agreement that he and HILARY reached, which included that both would be the joint beneficial owners of the Subject Property and that HILARY would take record title alone, but would hold title in trust for Plaintiff's benefit.  HILARY promised, as part of the agreement, to add Plaintiff's name on record title to the deed to the Subject Property when the last of Virginia and Lee died.  As such, HILARY agreed to hold one half of the Subject Property in trust for the benefit of Plaintiff.

14.     In negotiating the terms of the agreement, HILARY sought Plaintiff's help in convincing Virginia and Lee to go through with the plan.  As consideration for Plaintiff's assistance HILARY agreed to preserve Plaintiff's expected inheritance, rights and entitlement to the Subject Property.  After considerable time and effort to convince them, Virginia and Lee agreed to HILARY's proposal and Plaintiff was instrumental in consummating the contract between HILARY, Virginia and Lee.

15.     Virginia and Lee signed an Affidavit, *Death of Joint Tenant* concerning Leon Nordahl's death in 2014, which is dated June 1, 2016.  The affidavit was recorded it on June 2, 2016 as instrument no. 2016025566. In doing so, Virginia became sole record/title owner of the Subject Property.  (Attached hereto as "**Exhibit A**").

16.     On August 23, 2016, Virginia signed a Grant Deed conveying the Subject Property to Lee, which was recorded on August 24, 2016 as instrument no. 2016041469 (Attached hereto as "**Exhibit B**").

17.     Pursuant to the agreement, on August 23, 2016, Lee signed a Grant Deed conveying the Property to HILARY (as her sole and separate property), which was recorded on September 19, 2016 as instrument no. 2016046740 (Attached hereto as "**Exhibit C**").

18.     Virginia Nordahl died on May 23, 2018.

19.     After the Subject Property was transferred to Virginia, and unbeknownst to Plaintiff and others, HILARY transferred the property to "Ronald Brad Carpenter and Hilary L. Carpenter, Trustees of the Ronald Brad Carpenter and Hilary L. Carpenter Trust dated July 23, 2018" by Grant Deed dated November 21, 2018 which was recorded on February 22, 2019 as instrument no. 2019006257 (Attached hereto as "**Exhibit D**").

20.     Also unbeknownst to Plaintiff and others, on May 19, 2022, HILARY and Brad Carpenter ("Carpenter") refinanced the home with Cherry Creek Mortgage LLC and took out a cash loan in the amount of $647,200.00 on a 30-year term.

21.     Plaintiff was ignorant of these breaches and wrongful acts and Lee continued to occupy the Subject Property until his death on January 31, 2024.

22.     After Lee's passing, Plaintiff contacted HILARY to confirm that she would fulfill her contractual promise to add Plaintiff as record owner on the deed.  HILARY rebuffed any discussion on adding Plaintiff to the deed.  HILARY refused and did not add him as record owner.  In fact, HILARY

never disclosed that she transferred ownership of the House or that DEFENDANTS wrongfully encumbered it.

## FIRST CAUSE OF ACTION

### Breach of Contract

[Against HILARY L. CARPENTER and Does 1-10]

23. Plaintiff repeats and realleges each allegation contained in the foregoing paragraphs of the Complaint as if set forth in full herein.

24. Plaintiff and HILARY entered into an agreement in which Plaintiff would convince Virginia and Lee to enter into an occupancy for the transfer of title to the Subject Property arrangement with Plaintiff's taking of record title would be deferred. The agreement was not to be completed under its terms until after the last to die (Virginia or Lee).

25. Hilary breached and repudiated the agreement on or after January 31, 2024 in numerous material respects, including, without limitation, by:

   a. Failing and refusing to hold in trust, ownership of one half of the Subject Property for Plaintiff;

   b. Failing to transfer one half of title to Plaintiff;

   c. Transferring title to the Subject Property without knowledge or permission of Plaintiff;

   d. Encumbering the Subject Property without the knowledge or permission of Plaintiff; and

   e. Converting the funds secured by the Subject Property.

26. Plaintiff has fully performed all of his covenants and obligations under the agreement as he was instrumental in convincing Virginia and Lee to make the transfer possible, except those whose performance has been waived or legally excused.

## SECOND CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

[Against HILARY L. CARPENTER and Does 1-20]

27. Plaintiff repeats and realleges each allegation contained in the foregoing paragraphs of the Complaint as if set forth in full herein.

28.    In doing the wrongful acts alleged, HILARY breached the implied covenant of good faith and fair dealing.

29.    Implicit in the agreement between the parties is a covenant of good faith and fair dealing obligating the parties to act towards each other in good faith, to deal fairly with one another, to make all material disclosures, and not to do anything which might deprive the other of the expectations and benefits of the agreement and obligating each party to do everything that the agreement presupposes to accomplish its purposes.

30.    Plaintiff and Defendant Hilary entered into an oral agreement concerning the ownership of the Subject Property.

31.    HILARY's transfer of title to a third party, with neither the knowledge or consent of Plaintiff, prevented Plaintiff from receiving the benefits of his agreement and the fulfillment of HILARY's contractual obligations to hold one half in trust for Plaintiff's benefit and transfer title to them both jointly after Virginia and Lee passed away.

32.    In addition, HILARY's conduct encumbering the Subject Property with a loan which was neither known by or approved by Plaintiff, prevented Plaintiff from receiving the benefits of his agreement, unduly and wrongfully diminished the value of the Subject Property and wrongfully enriched Defendants in the process.

33.    Plaintiff performed all obligations that the contract required him to perform including his part in persuading Virginia and Lee to enter into the agreement, deferring his inheritance, and agreeing to permit HILARY to become a record title owner of the Subject Property.

34.    Defendant prevented Plaintiff from receiving the benefits of his agreement with Defendant by failing to transfer one half of title to the Subject Property to Plaintiff.

35.    Plaintiff was harmed because he has suffered damages in losing his ownership in the Subject Property and his inheritance.

36.    For the reasons stated herein, HILARY and Does 1 through 20, and each of them, have breached the covenant of good faith and fair dealing.

37.    As a direct and proximate result of HILARY's breaches as described herein, Plaintiff has been damaged in an amount to conform to proof at trial, but not less than $450,000 (half the value of the Property), plus interest as allowed by law, and attorneys' fees and costs as provided by law.

### **THIRD CAUSE OF ACTION**

#### **For Promissory Fraud (False Promise)**

[Against HILARY L. CARPENTER and Does 1-10]

38.    Plaintiff repeats and realleges each allegation contained in the foregoing paragraphs of the Complaint as if set forth in full herein.

39.    HILARY entered into the Agreement with the intention of deceiving Plaintiff into believing that she would:

   a.   Hold Plaintiff's portion of the Subject Property in trust;

   b.   Transfer half of the Subject Property to Plaintiff after the last of the occupants would die.

   c.   Maintain the Subject Property and not diminish the value of the Subject Property without notice and approval;

   d.   Not further encumber the Subject Property for her own benefit or the for the benefit of third parties; and

   e.   Not convert the funds from the loan secured by the Subject Property.

40.    The representations made by HILARY, were false at the time they were made, HILARY knew they were false or HILARY had no reasonable basis to believe the truth of the statements.  Further, HILARY made the false representations with the intent and purpose of inducing Plaintiff to rely on the statements in an effort to endorse and convince Virginia to transfer title ownership of the Subject Property to HILARY.

41.    At the time HILARY made these false representations Plaintiff was ignorant of the true facts and believed the representations to be true.  Plaintiff in fact relied on the representations by immediately endorsing HILARY's proposal to transfer the Subject Property and convincing Virginia and Lee of the benefit of this implied trust that would be created by transferring title and having their debts paid so that they can continue living encumbrance free for their lifetime.

42.    Plaintiff reasonably relied on HILARY's representations that she would hold the Subject Property for his benefit and place his name on title as an owner as part of his inheritance to which he was already entitled.

43.     If Plaintiff had known the true facts it would not have acted as it did and specifically, would not have provided Virginia with any assurances and would not have assisted HILARY to convince Virginia to make any agreement with HILARY.

44.     As a direct and proximate result of the fraud engaged in by HILARY, Plaintiff been damaged in an amount to be determined at time of trial, but not less than $470,000, plus interest.

45.     HILARY engaged in despicable conduct and acted with willful, reckless and conscious disregard of the rights of Plaintiff, and in doing the things herein alleged were guilty of oppression and malice. Accordingly, Plaintiff seeks punitive and exemplary damages in an amount according to proof at trial.

### **FOURTH CAUSE OF ACTION**

Civil Theft (Penal Code section 496)

[Against All Defendants]

46.     Plaintiff repeats and realleges each allegation contained in the foregoing paragraphs of the Complaint as if set forth in full herein.

47.     Plaintiff owned and had a right to possess one half of the Subject Property. DEFENDANTS wrongfully transferred to themselves or for their benefit, the Subject Property through the revocable marital trust HILARY shared with RONALD and DOES 1-10.

48.     Defendant Hilary wrongfully fraudulently maintained title to the Subject Property. Further, she used her wrongful ownership to take out a fraudulent loan against the Subject Property. Defendants wrongfully encumbered the Subject Property with a $647,200.00 loan without Plaintiff's knowledge or consent. Defendant wrongfully exercised dominion and control over the loan funds that belonged to Plaintiff without his knowledge or consent.

49.     By taking out the loan secured by the Subject Property without Plaintiff's knowledge or consent, as alleged above, Defendant Hilary converted Plaintiff's $647,200.00 in funds secured by the Subject Property by exercising ownership over those funds which rightfully belonged to Plaintiff.

50.     In doing the acts alleged herein, DEFENDANTS received the funds and thereby wrongfully exercised dominion and control over the funds secured by and the equitable value in the Subject Property.

51.     No DEFENDANT had permission or consent to take out a loan on the Subject Property or receive funds from such a loan.

52.     Said $647,200.00 loan/encumbrance diminished the value of Plaintiff's one-half of the Subject Property to which Plaintiff is entitled.

53.     Each DEFENDANT was aware that the other DEFENDANTS, planned to, and did, engage in the foregoing wrongful conduct, knew that the loan was wrongful and/or fraudulent and he agreed with and intended that they engage in the above wrongful conduct.

54.     Each DEFENDANT gave substantial assistance and/or encouragement to the other for the purpose of facilitating the wrongful conduct alleged herein. As a result, DEFENDANTS' conduct was a substantial factor in causing harm to Plaintiff.

55.     By conspiring with, and aiding and abetting one another, DEFENDANTS, as alleged herein, have proximately caused harm to Plaintiff and are therefore jointly and severally liable for such harm as DEFENDANTS are co-conspirators and aider and abettors. Plaintiff will seek damages, according to proof at trial, for all of the harm caused by the acts of DEFENDANTS, and their unknown coconspirators and aider and abettors.

56.     DEFENDANTS and their co-conspirators and aider and abettors engaged in despicable conduct and acted with willful, reckless and conscious disregard of the rights of Plaintiff, and in doing the things herein alleged were guilty of oppression and malice. Accordingly, Plaintiff seeks punitive and exemplary damages in an amount according to proof at trial.

57.     As a result of the foregoing conduct, Plaintiff was harmed and DEFENDANTS' conduct was a substantial factor in causing Plaintiff's harm.

58.     DEFENDANTS engaged in despicable conduct and acted with willful, reckless and conscious disregard of the rights of Plaintiff, and in doing the things herein alleged are guilty of oppression and malice. Accordingly, Plaintiff seeks punitive and exemplary damages in an amount according to proof at trial. In addition, pursuant to Penal Code section 496(c), DEFENDANTS are subject to treble damages and should pay for Plaintiff's attorney's fees.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

[Against All Defendants]

59.     Plaintiff repeats and realleges each allegation contained in the foregoing paragraphs of the Complaint as if set forth in full herein.

60.    DEFENDANTS were unjustly enriched due to the conduct alleged above, including the misappropriation of the Property and the loan funds secured by it.  DEFENDANTS received a benefit that they otherwise would not have achieved.

61.    DEFENDANTS have been unjustly enriched at Plaintiff's expense and they must make restitution to the Plaintiff.  DEFENDANTS must surrender the benefit which they have received and thereby to make restitution to the other for the loss which Plaintiff has suffered.' DEFENDANTS are under a duty to give to the Plaintiff the amount by which they have been enriched.

62.    Further, DEFENDANTS' restitution should be measured by their profits flowing from the misappropriation.

63.    DEFENDANTS engaged in despicable conduct and acted with willful, reckless and conscious disregard of the rights of Plaintiff, and in doing the things herein alleged were guilty of oppression and malice. Accordingly, Plaintiff seeks punitive and exemplary damages in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION

### Intentional Interference with Expected Inheritance

[Against HILARY L. CARPENTER and Does 10-20]

64.    Plaintiff repeats and realleges each allegation contained in the foregoing paragraphs of the Complaint as if set forth in full herein.

65.    HILARY intentionally interfered with Plaintiff's expectation of receiving an inheritance from the estate of Virginia and Lee.  HILARY knew of said expectation.   Nevertheless, HILARY engaged in the acts alleged herein regarding the agreement and the Property.  Further, by engaging in this conduct, HILARY intended to interfere with Plaintiff's expected inheritance.

66.    There was a reasonable certainty that Plaintiff would have received the inheritance if HILARY had not interfered. Plaintiff was harmed as a result of HILARY's conduct and HILARY's conduct was a substantial factor in causing Plaintiff's harm.

67.    As a direct and proximate result of DEFENDANTS' wrongful acts and interreference, as described herein, Plaintiff has been damaged in an amount to conform to proof at trial, but not less than $450,000 (half the value of the Property), plus interest as allowed by law, and attorneys' fees and costs as provided by law.

### SEVENTH CAUSE OF ACTION

#### Constructive Trust

[Against All Defendants]

68.     Plaintiff repeats and realleges each allegation contained in the foregoing paragraphs of the Complaint as if set forth in full herein.

69.     Pursuant to Civil Code sections 2223 and 2224, a constructive trust may be imposed where three conditions are satisfied: (1) the existence of a res (property or some interest in property), (2) the right of a complaining party to that res, and (3) some wrongful acquisition or detention of the res by another party who is not entitled to it.  In addition, the imposition of a constructive trust is proper where one acquired property to which he is not justly entitled, if it was obtained by actual fraud or by constructive fraud through the violation of some fiduciary or confidential relationship.

70.     DEFENDANTS are all involuntary trustees, as defined by Civil Code sections 2223 and 2224, because they knew or should have known that Plaintiff owned one half interest in the Subject Property and the funds loaned and/or secured by the Property.   DEFENDANTS wrongfully took control of the Subject Property and the loan proceeds and refused to transfer the Subject Property to Plaintiff upon demand.  DEFENDANTS participated in the wrongful change in record title ownership of the Subject Property, wrongfully encumbered the Property, for the unauthorized loan(s) which was secured by the Subject Property and their use, expenditure, diversion and or disposition of the loan funds.

71.     DEFENDANTS were unjustly enriched when they did the things alleged herein, all to Plaintiff's detriment.

72.      As a result, a constructive/implied trustee of the entire Subject Property and loan funds while the former owners/occupants were alive and held an equitable one-half for Plaintiff's benefit after they passed.

73.     The court, sitting in equity, can determine that there should be an implied trust or a resulting trust.  A resulting trust exists by "implication of law to enforce the inferred intent of the parties to the transaction."  A resulting trust has been created based on the allegations herein because of DEFENDANTS' wrongful conduct and is implied by law to carry out the intention of the parties. DEFENDANTS, as the trustee has no duties to perform, no trust to administer, and no purpose to carry out except the single duty of holding or conveying the Subject Property to the beneficiary.

74.    The Subject Property and the loan funds are the "the existence of a res (property or some interest in property), the Plaintiff's right to that res is as his intended status as equal beneficiary, and the defendant's gain of the res by fraud, accident, mistake, undue influence, the violation of a trust or other wrongful act" which is based on his reneging on his agreement with both occupants and with Plaintiff to hold the trust for lifetime use only and provide a means to provide Plaintiff his share upon the occupants' deaths.

75.    In order to prevent the complete dissipation of the Subject Property and/or the unjust enrichment of DEFENDANTS, Plaintiff seeks an equitable trust to prevent an inequitable result that would damage Plaintiff beyond the damages and injuries he has suffered to date.

**EIGHTH CAUSE OF ACTION**

Intentional Infliction of Emotional Distress

[Against All Defendants]

76.    Plaintiff repeats and realleges each allegation contained in the foregoing paragraphs of the Complaint as if set forth in full herein.

77.    DEFENDANTS, and each of them, abused their authority and intentionally with malicious motives engaged in conduct that was calculated to cause Plaintiff to suffer humiliation, physical and mental anguish, and severe emotional distress for a long duration.

78.    As a direct and proximate result of DEFENDANTS', and each of them, conduct, Plaintiff has suffered bodily harm and was injured in his health, strength, and activity and sustained shock and injury to his nervous systems and persons.  All of these injuries have caused and continue to cause Plaintiff great mental distress, humiliation, and pain and suffering, including but not limited to grief, depression and severe anxiety in an amount that exceeds the jurisdictional minimum of this Court.

79.    In committing the acts described herein, DEFENDANTS' conduct was despicable, and done with malice, oppression and fraud, justifying an award of punitive damages against Defendants.

**NINTH CAUSE OF ACTION**

Accounting

[Against All Defendants]

80.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 81, inclusive, of this Complaint, as though fully set forth herein. Defendants have control of the financial, accounting,

books and other records relating to the Subject Property regarding how funds secured or gained through the encumbrances or liens on the Subject Property. Plaintiff can only determine the scope and extent of the wrongful conduct and the obligations on the loans and encumbrances on the Subject Property by an accounting of Defendants' records and other individuals and entities.

81.    Therefore, Plaintiff respectfully requests that the Court require Defendants provide an accounting and to furnish the books, records, and accounts arising from or relating to all loans, investments, revenues, expenses, and profits relating to the Subject Property, as well as the bank records of such entities and any other persons or entitles to whom Defendants have received or transferred money.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against DEFENDANTS, and each of them, as follows:

1. For general damages in an amount in excess of the jurisdictional limit of this Court to be proven at trial;

2. For compensatory damages in an amount to be proven at trial;

3. For attorney's fees as provided by the contract or statute;

4. For a constructive trust and/or resulting trust;

5. For punitive and exemplary damages;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court deems just and proper.

WADE LITIGATION, APC

Dated: September 19, 2025    By: _____
VICTOR A. BULLOCK
Attorneys for Plaintiff
MORGAN NORDAHL

## **DEMAND FOR JURY TRIAL**

Plaintiff MORGAN NORDAHL hereby demands a trial by a jury of all issues and each and every cause of action alleged herein.

WADE LITIGATION, APC

Dated: September 19, 2025        By: _____

VICTOR A. BULLOCK
Attorneys for Plaintiff
MORGAN NORDAHL

# EXHIBIT A

**2016025566**

**Tommy Gong**
San Luis Obispo - County Clerk-Recorder
06/02/2016 12:03 PM

Recorded at the request of:
PUBLIC

Titles: 1      Pages: 3

Fees: $27.00
Taxes: $0.00
Total: $27.00



**RECORDING REQUESTED BY AND
WHEN RECORDED, RETURN TO:**

VIRGINIA M. NORDAHL
LEON E. NORDAHL II
2280 Fresno Street
Los Osos, CA   93402

---

*Space above line for Recorder's Use*

# AFFIDAVIT -- DEATH OF JOINT TENANT

**[Verification Pursuant to California CCP Section 2015.5]
[Including Pursuant to California Probate Code Section 5044]**

State of California

          }ss.

County of San Luis Obispo

    **VIRGINIA M. NORDAHL and LEON E. NORDAHL II**, of legal age, being first duly sworn,

depose and say: That **LEON ELMO NORDAHL**, the decedent mentioned in the attached certified copy

of Certificate of Death, is the same person as **LEON E. NORDAHL**, named as one of the parties in that

certain **Grant Deed** dated **February 9, 1998**, executed by **Leon E. Nordahl and Virginia M. Nordahl,**

**Husband and Wife,** to **Leon E. Nordahl and Virginia M. Nordahl, Husband and Wife, and Leon E.**

**Nordahl II, an unmarried man, all as Joint Tenants,** recorded as Document No. **1998-012964** on **March**

**10, 1998,** Official Records of San Luis Obispo County, California, covering the following described

property, **APN: 074,422,002,** commonly known as 2280 Fresno Street, Los Osos, California 93402, situated

Page One

in the Unincorporated Area of the County of San Luis Obispo, State of California, more particularly described as follows:

> **LOT 2 IN BLOCK 2 OF TRACT NO. 185, IN THE COUNTY OF SAN LUIS OBISPO, STATE OF CALIFORNIA, ACCORDING TO MAP RECORDED APRIL 27, 1960 IN BOOK 6, PAGE 44 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

Affiant Virginia M. Nordahl is the surviving spouse of Decedent, and Affiant Leon E. Nordahl II is the surviving son of Decedent.

We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June ___/___, 2016.                         _Virginia M. Nordahl_
                                                    **VIRGINIA M. NORDAHL**

Dated: June ___/___, 2016.                         _Leon E. Nordahl II_
                                                    **LEON E. NORDAHL II**

```
MAIL ALL TAX STATEMENTS TO:

VIRGINIA M. NORDAHL
LEON E. NORDAHL II
2280 Fresno Street
Los Osos, CA    93402
```

Page Two


# COUNTY OF SAN LUIS OBISPO

## SAN LUIS OBISPO, CALIFORNIA

### CERTIFICATION OF VITAL RECORD

DOC #2016025566 Page 3 of 3

3052014243639 — CERTIFICATE OF DEATH — 3201440002189

STATE FILE NUMBER — STATE OF CALIFORNIA — LOCAL REGISTRATION NUMBER

| 1. NAME OF DECEDENT—FIRST (Given) | 2. MIDDLE | 3. LAST (Family) |
|---|---|---|
| LEON | ELMO | NORDAHL |

AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST)

| 4. DATE OF BIRTH mm/dd/ccyy | 5. AGE Yrs | IF UNDER ONE YEAR Months / Days | IF UNDER 24 HOURS Hours / Minutes | 6. SEX |
|---|---|---|---|---|
| 06/25/1926 | 88 | | | M |

| 7. BIRTH STATE/FOREIGN COUNTRY | 8. SOCIAL SECURITY NUMBER | 9. EVER IN U.S. ARMED FORCES? | 10. MARITAL STATUS/SRDP at Time of Death | 11. DATE OF DEATH mm/dd/ccyy | 8. HOUR (24 Hour) |
|---|---|---|---|---|---|
| CA | -6075 | X YES NO | MARRIED | 12/30/2014 | 1935 |

| 12. EDUCATION – Highest Level/Degree | 13/14/15. WAS DECEDENT HISPANIC/LATINO(a)/SPANISH? (if yes, see worksheet on back) | 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) |
|---|---|---|
| SOME COLLEGE | NO | CAUCASIAN |

| 17. USUAL OCCUPATION – Type of work for most of life. DO NOT USE RETIRED | 18. KIND OF BUSINESS OR INDUSTRY (e.g. grocery store, road construction, employment agency, etc.) | 19. YEARS IN OCCUPATION |
|---|---|---|
| MECHANIC | MUSIC RECORDING INDUSTRY | 12 |

| 20. DECEDENT'S RESIDENCE (Street and number, or location) | | |
|---|---|---|
| 2280 FRESNO STREET | | |

| 21. CITY | 22. COUNTY/PROVINCE | 23. ZIP CODE | 24. YEARS IN COUNTY | 25. STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| LOS OSOS | SAN LUIS OBISPO | 93402 | 52 | CA |

| 26. INFORMANT'S NAME, RELATIONSHIP | 27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) |
|---|---|
| VIRGINIA MAE NORDAHL, SPOUSE | 2280 FRESNO STREET, LOS OSOS, CA 93402 |

| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | 29. MIDDLE | 30. LAST (Birth Name) |
|---|---|---|
| VIRGINIA | MAE | GRANT |

| 31. NAME OF FATHER/PARENT—FIRST | 32. MIDDLE | 33. LAST | 34. BIRTH STATE |
|---|---|---|---|
| TINUS | | NORDAHL | SD |

| 35. NAME OF MOTHER/PARENT—FIRST | 36. MIDDLE | 37. LAST (Birth Name) | 38. BIRTH STATE |
|---|---|---|---|
| VALBORG | | EINUNG | MN |

| 39. DISPOSITION DATE mm/dd/ccyy | 40. PLACE OF FINAL DISPOSITION |
|---|---|
| 01/07/2015 | RESIDENCE OF VIRGINIA NORDAHL, SPOUSE 2280 FRESNO STREET, LOS OSOS, CA 93402 |

| 41. TYPE OF DISPOSITION(S) | 42. SIGNATURE OF EMBALMER | 43. LICENSE NUMBER |
|---|---|---|
| CR/RES | NOT EMBALMED | |

| 44. NAME OF FUNERAL ESTABLISHMENT | 45. LICENSE NUMBER | 46. SIGNATURE OF LOCAL REGISTRAR | 47. DATE mm/dd/ccyy |
|---|---|---|---|
| LOS OSOS VALLEY | FD1436 | PENNY BORENSTEIN, MD | 01/06/2015 |

| 101. PLACE OF DEATH | 102. IF HOSPITAL, SPECIFY ONE | 103. IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|
| MISSION VIEW HEALTH CENTER | | |

| 104. COUNTY | 105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location) | 106. CITY |
|---|---|---|
| SAN LUIS OBISPO | 1425 WOODSIDE DR | SAN LUIS OBISPO |

| 107. CAUSE OF DEATH | Enter the chain of events—diseases, injuries, or complications—that directly caused death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE | Time Interval Between Onset and Death | 108. DEATH REPORTED TO CORONER? |
|---|---|---|---|
| IMMEDIATE CAUSE (Final disease or condition resulting in death) | A. RESPIRATORY ARREST | 1 WEEK | YES / X NO |
| Sequentially list conditions, if any leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST | B. METASTATIC PROSTATE CANCER | 1 YEAR | 109. BIOPSY PERFORMED? YES / NO |
| | C. | | 110. AUTOPSY PERFORMED? YES / NO |
| | D. | | 111. USED IN DETERMINING CAUSE? YES / NO |

| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| NONE |

| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (If yes, list type of operation and date.) | 113A. IF FEMALE, PREGNANT IN LAST YEAR? |
|---|---|
| NO | YES / NO / UNK |

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | 115. SIGNATURE AND TITLE OF CERTIFIER | 116. LICENSE NUMBER | 117. DATE mm/dd/ccyy |
|---|---|---|---|
| Decedent Attended Since / Decedent Last Seen Alive | KEVIN PARZYCH MD | C55876 | 01/06/2015 |
| 12/24/2014 / 12/28/2014 | 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS ZIP CODE: KEVIN PARZYCH MD — 277 SOUTH STREET, SAN LUIS OBISPO, CA 93401 | | |

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE AND FROM THE CAUSES STATED. | 120. INJURED AT WORK? | 121. INJURY DATE mm/dd/ccyy | 122. HOUR (24 Hour) |
|---|---|---|---|
| MANNER OF DEATH: Natural / Accident / Homicide / Suicide / Pending Investigation / Could not be Determined | YES / NO / UNK | | |

| 123. PLACE OF INJURY (e.g. home, construction site, wooded area, etc.) |
|---|
| |

| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|
| |

| 125. LOCATION OF INJURY (Street and number, or location, and city, and zip) |
|---|
| |

| 126. SIGNATURE OF CORONER / DEPUTY CORONER | 127. DATE mm/dd/ccyy | 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|
| | | |

| STATE REGISTRAR | A | B | C | D | E | | FAX AUTH # | CENSUS TRACT |
|---|---|---|---|---|---|---|---|---|
| | | | | | | *01000100028020213* | | |

CERTIFIED COPY OF VITAL RECORDS

STATE OF CALIFORNIA } SS

COUNTY OF SAN LUIS OBISPO } DATE ISSUED **JAN 0 7 2015**

*00358906*

This is a true and exact reproduction of the document officially registered and placed on file in the office of the SAN LUIS OBISPO COUNTY HEALTH DEPARTMENT.



Dr. Penny Borenstein Health Officer

This copy not valid unless prepared on engraved border displaying seal and signature of County Registrar.

FBHC02 (Rev) 6513

**END OF DOCUMENT**

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE




# EXHIBIT B

Recording Requested by and
When Recorded, Mail to:

Leon E. Nordahl II
2280 Fresno Street
Los Osos, CA   93402

**2016041469**

**Tommy Gong**
San Luis Obispo - County Clerk-Recorder
08/24/2016 12:41 PM
Recorded at the request of:
**PUBLIC**

Titles: 1       Pages: 2

Fees: $17.00
Taxes: $0.00
Total: $17.00



---

*MAIL TAX STATEMENTS TO*:

Leon E. Nordahl II
2280 Fresno Street
Los Osos, CA 93402

Space Above Line for Recorder's Use

RT Section 11930 - GIFT
DOCUMENTARY TRANSFER TAX: $-0-
Computed on the consideration; OR
   value of property conveyed.



Signature of Declarant or Agent Determining Tax
Leon E. Nordahl II, Declarant

---

A.P.N.:   074,422,002

| FILED | FEE PAID | EXEMPT | OUT OF STATE |
|-------|----------|--------|--------------|
|       |          |        |              |

## **GRANT  DEED**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**VIRGINIA M. NORDAHL** hereby grants to **LEON E. NORDAHL II,** the real property in the
Unincorporated Area of the County of San Luis Obispo, State of California, commonly known as
2280 Fresno Street, Los Osos, California  93402, and more particularly described as follows:

LOT 2 IN BLOCK 2 OF TRACT NO. 185, IN THE COUNTY OF
SAN LUIS OBISPO, STATE OF CALIFORNIA, ACCORDING TO
MAP RECORDED APRIL 27, 1960, IN BOOK 6, PAGE 44 OF
MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.

**Dated: August 23, 2016.**

**VIRGINIA M. NORDAHL**

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                         CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                                    )
County of  San Luis Obispo                            )

On  August 23, 2016          before me,  C. Randall Cook, Notary Public                          ,
           *Date*                           *Here Insert Name and Title of the Officer*

personally appeared   VIRGINIA M. NORDAHL
                              *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

C. RANDALL COOK
Commission # 2047691
Notary Public - California
San Luis Obispo County
My Comm. Expires Nov 29, 2017

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____C. Randall Cook_____
                    *Signature of Notary Public*

                    *Place Notary Seal Above*
─────────────────────── **OPTIONAL** ───────────────────────
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document:  Grant Deed                    Document Date:  August 23, 2016
Number of Pages:  2    Signer(s) Other Than Named Above:  None

**Capacity(ies) Claimed by Signer(s)**
Signer's Name:  Virginia M. Nordahl                     Signer's Name: _____
☐ Corporate Officer — Title(s): _____            ☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General                      ☐ Partner — ☐ Limited  ☐ General
☒ Individual      ☐ Attorney in Fact                  ☐ Individual      ☐ Attorney in Fact
☐ Trustee        ☐ Guardian or Conservator            ☐ Trustee        ☐ Guardian or Conservator
☐ Other: _____                       ☐ Other: _____
Signer Is Representing: _____                Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

END OF DOCUMENT

# EXHIBIT C

**2016046740**

Recording Requested by and
When Recorded, Mail to:

Hilary L. Carpenter
2280 Fresno Street
Los Osos, CA   93402

Tommy Gong
San Luis Obispo - County Clerk-Recorder
09/19/2016 02:18 PM
Recorded at the request of:
PUBLIC
Titles: 1        Pages: 2
Fees: $17.00
Taxes: $0.00
Total: $17.00



---

_Space Above Line for Recorder's Use_

**_MAIL TAX STATEMENTS TO_:**

Hilary L. Carpenter
2280 Fresno Street
Los Osos, CA 93402

| FILED | FEE PAID | EXEMPT | OUT OF STATE |
|-------|----------|--------|--------------|
|   ✓   |          |        |              |

RT Section 11930 - GIFT
DOCUMENTARY TRANSFER TAX: $-0-
Computed on the consideration; OR
    value of property conveyed.

Signature of Declarant or Agent Determining Tax
Hilary L. Carpenter, Declarant

---

A.P.N.:   074,422,002

# GRANT   DEED

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **LEON E. NORDAHL II** hereby grants to **HILARY L. CARPENTER, a married woman as her sole and separate property,** the real property in the Unincorporated Area of the County of San Luis Obispo, State of California, commonly known as 2280 Fresno Street, Los Osos, California  93402, and more particularly described as follows:

> LOT 2 IN BLOCK 2 OF TRACT NO. 185, IN THE COUNTY OF SAN LUIS OBISPO, STATE OF CALIFORNIA, ACCORDING TO MAP RECORDED APRIL 27, 1960, IN BOOK 6, PAGE 44 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

**Dated: August 23, 2016.**

**LEON E. NORDAHL II**

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT     CIVIL CODE § 1189

░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                                )
County of _San Luis Obispo_____              )

On __August 23, 2016_____ before me, __C. Randall Cook, Notary Public_____,
      *Date*                                    *Here Insert Name and Title of the Officer*
personally appeared ____LEON E. NORDAHL II_____
                                           *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> C. RANDALL COOK
> Commission # 2047691
> Notary Public - California
> San Luis Obispo County
> My Comm. Expires Nov 29, 2017

Signature ____C. Randall Cook_____
                    *Signature of Notary Public*

          *Place Notary Seal Above*
——————————————————— **OPTIONAL** ———————————————————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Grant Deed_____ Document Date: _August 23, 2016_
Number of Pages: __2___ Signer(s) Other Than Named Above: _None_____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name: _Leon E. Nordahl II_____ | Signer's Name: _____ |
|---|---|
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☒ Individual        ☐ Attorney in Fact | ☐ Individual        ☐ Attorney in Fact |
| ☐ Trustee      ☐ Guardian or Conservator | ☐ Trustee      ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

END OF DOCUMENT

# EXHIBIT D

**2019006257**

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

BRAD AND HILARY CARPENTER
3061 E. RED OAK PLACE
GILBERT, AZ 85297

Tommy Gong
San Luis Obispo - County Clerk-Recorder
02/22/2019 01:43 PM

Recorded at the request of:
PUBLIC

Titles: 1       Pages: 2

Fees: $92.00
Taxes: $0.00
Total: $92.00



SPACE ABOVE THIS LINE FOR RECORDER'S USE

MAIL TAX STATEMENTS TO:

BRAD AND HILARY CARPENTER
3061 E. RED OAK PLACE
GILBERT, AZ 85297

DOCUMENTARY TRANSFER TAX: $0.00.

The undersigned grantor declares that no consideration was given. This is a change in formal title only. This conveyance transfers the grantor's interest into her revocable living trust which is not pursuant to a sale and is exempt pursuant to R&T Code §§ 62(d)(1) and 11930. This conveyance is to a revocable trust and does not the subject the property to reassessment.

APN: 074-422-002

**GRANT DEED**

| FILED | FEE PAID | EXEMPT |
|---|---|---|
| 17 | | |

HILARY L. CARPENTER, GRANTOR,

hereby GRANTS to RONALD BRAD CARPENTER and HILARY L. CARPENTER, Trustees of THE RONALD BRAD CARPENTER AND HILARY L. CARPENTER TRUST dated July 23, 2018,

the real property in the unincorporated area of the County of San Luis Obispo, State of California, described as:

    Lot 2 in Block 2 of Tract No. 185, in the County of San Luis Obispo, State of California, according to Map recorded April 27, 1960, in Book 6, Page 44 of Maps, in the office of the County Recorder of said County.

This property is commonly known as 2280 Fresno Street, Los Osos, California, 93402.

APN: 074-422-002

Dated: November 21, 2018

_____
HILARY L. CARPENTER

DOC #2019006257  Page 2 of 2

## CERTIFICATE OF ACKNOWLEDGMENT OF NOTARY PUBLIC

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                    )

County of San Luis Obispo        )

On November __21__, 2018,  before me, CHARLES G. KIRSCHNER,  a notary public, personally appeared HILARY L. CARPENTER,  who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_cee S K_

CHARLES GREGORY KIRSCHNER
Notary Public - California
San Luis Obispo County
Commission # 2237650
My Comm. Expires May 9, 2022

END OF DOCUMENT